No: 23-1174

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**LACY GUYTON**                                                      **APPELLEE**

**v.**

**JIABAO, INC. AND YI ZHANG**                               **APPELLANTS**
_____

**Appeal from U.S. District Court for the Western District of Arkansas
- Hot Springs (6:21-cv-06165-RTD)**

**Honorable Robert T. Dawson
United States District Judge**
_____

## APPELLANTS' BRIEF

_____

Josh Q. Hurst, Ark. Bar # 2004016
518 Ouachita Avenue
Hot Springs, Arkansas 71901
(501) 623-2565 (Telephone)
(501) 623-9391 (Facsimile)
Josh@hurstlaw.org

Attorney for Appellants

# SUMMARY AND WAIVER OF ORAL ARGUMENT

This case arises out of a Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA") dispute. The Appellee contends that the Appellant hired the Appellee to perform certain duties in his restaurant, Hunan Palace and paid the Appellee less than the federal minimum wage. The Appellee contends that the Appellant paid her between $3.00 to $4.00 per hour while she was performing both tipped and non-tipped work. Furthermore, the Appellee contends that the Appellant classified herself as nonexempt from overtime requirements of the AMWA. A scheduling order was issued by the district court and discovery in the form of interrogatories was propounded to the Appellant. On July 1, 2022, Appellee filed a Motion to Compel Discovery and for Extension of Time. (App. 18, R. Doc. 17). Appellee subsequently filed a Motion for Sanctions on August 16, 2022, based off of the fact that Appellants' discovery responses were not received. (App. 39, R. Doc 20). On September 7, 2022, the district court entered an Order on Motion for Sanctions granting Appellee's Motion for Sanctions and entering a default judgment in Appellee's favor. (App. 51, R. Doc. 22). The district court erroneously granted the Appellee's Motion for Sanctions and entering a default judgment.

Counsel respectively waives oral argument.

2

## CORPORATE DISCLOSURE STATEMENT

Pursuant to 8th Cir. R. 26.1A Appellants, JIABAO, Inc. and Yi Zhang make the following disclosures:

1. The Separate Appellant, JIABAO, Inc. is a for profit corporation in good standing with the State of Arkansas.

2. The Separate Appellant, JIABAO, Inc. was established December 7, 2020.

3. All offices for Separate Appellant, JIABAO, Inc. are held by a single person, Yi Zhang.

4. The Separate Appellant, Yi Zhang is not a subsidiary or affiliate of a publicly owned corporation.

5. There is no publicly owned corporation that is not a party to this appeal. There is no publicly owned corporation that has a financial interest in the outcome of this appeal.

6. The Separate Appellant, Yi Zhang is single person with no corporate affiliation of any kind.

3

# **TABLE OF CONTENTS**

**Items**                                                                                      **Page**

Summary and Waiver of Oral Argument ……..……..……………..……..…..…… 2

Corporate Disclosure Statement …………………...…………….……….……... 3

Table of Contents ……………………….…………………………………….... 4

Table of Authorities …………………….…………………........................…… 5

Jurisdictional Statement …………………...…………..………………… 7

Statement of Issues ……………….……………………………………..…….... 8

Statement of the Case …………….……....……………………………......… 9

Summary of Argument ………………………...…………………………….... 11

Argument ………………………………….…………………………….…..... 12

Conclusion ……………….……………………………….……………. 21

Certificate of Compliance ...……………………………...……………….. 22

Certificate of Service …………….…….…………………………………...… 22

Addendum …………………………………………….................................… 23

        Order on Motion for Sanctions (R. Doc. 22) ……........................ ADD 1 – 4

        Judgment (R. Doc. 33) …………………...………………....…… ADD 5

4

# TABLE OF AUTHORITIES

**CASES**                                                                **PAGE**

*Abreu v. City of New York,*
    208 F.R.D. 526 (U.S. D.C. S.D. N.Y. 2002) …………………..…. 8, 15, 16

*Baker v. F&F Investment,* 470 F. 2d 778, 781 (CA2 1972) …………..…………. 12

*Chrysler Corp. v. Carey,* 186 F. 3d 1016, 1020 (8th Cir. 1999) …………..……… 13

*Denton v. Mr. Swiss of Missouri, Inc.,* 564 F. 2d 236 (8th Cir. 1977) …..…....…… 19

*Edgar v. Slaughter,* 548 F. 2d 770, 773 (8th Cir. 1977) ……………………… 13, 17

*Emerick v. Fenick Industries, Inc.,* 539 F. 2d 1379, 1381 (5th Cir. 1976) ……..…. 20

*Farmers Plant Food, Inc. v. Fisher,* 746 F. 2d 451 (8th Cir. 1984) ……………… 19

*General Dynamics Corp. v. Selb Mfg. Co.,*
    481 F. 2d 1204, 1211 (CA8 1973) …………………..………………….. 12

*Givens v. A.H. Robbins Co., Inc.,* 751 F. 2d 261 (8th Cir. 1984) ……..……….. 8, 19

*Hairston v. Alert Safety Light Products. Inc.,*
    307 F. 3d 717 (8th Cir. 2002) …………………………………............. 18

*Horne v. Flores,* 557 U.S. 433, 439 (2009) …………………………………..… 7

*Kropp v. Ziebath,* 557 F. 29 142 (8th Cir. 1977) ………………………….. 8, 16, 17

*Martin v. Daimler Chrysler Corporation,*
    251 F. 3d 691 (8th Cir. 2001) …………………………………… 8, 12, 13, 21

*National Hockey League v. Metropolitan Hockey Club, Inc.,*
    427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976) ………..……….. 12

*Pope v. Federal Express Corp.,* 974 F. 2d 982, 984 (8th Cir. 1992) ……..……... 19

*Savola v. Webster,* 644 F. 2d 743 (8th Cir. 1981) …………………………..… 15

Appellate Case: 23-1174     Page: 5     Date Filed: 04/19/2023 Entry ID: 5267024

*Societe Internationale v. Rogers,*
    357 U.S. 197,209, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958) ……………… 19

## **STATUTES**

28 U.S.C. § 1291 …………………………………………………..…….… 7

28 U.S.C. § 1331 …..…………………………………………………..…... 7

29 U.S.C. § 201 …………………………………………..…... 2, 7, 9

Ark. Code Ann. § 11-4-201 ………………………………………… 2, 7, 9

## **RULES**

Fed. R. Civ. P. 37 …………………………………...………………… 13, 15, 16, 18

Appellate Case: 23-1174   Page: 6   Date Filed: 04/19/2023 Entry ID: 5267024

# <u>JURISDICTIONAL STATEMENT</u>

The original Plaintiff sued the Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"). The district court has jurisdiction under 28 U.S.C. § 1331.

On August 16, 2022, the original Plaintiff filed a Motion for Sanctions. (App. 39, R. Doc. 20).

That on September 7, 2022, the district court granted the Motion for Sanctions and entered a default judgment (App. 51, R. Doc. 22, ADD 1-4). Because the granting of Motion for Sanctions is a final order that disposes of all parties' claims, see *Horne v. Flores*, 557 U.S. 433, 439 (2009), the Appellant filed a timely Notice of Appeal on January 30, 2023. (App. 62, R. Doc. 34). This court's jurisdiction is therefore based on 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment from a United States District Court.

Appellate Case: 23-1174    Page: 7    Date Filed: 04/19/2023 Entry ID: 5267024

## STATEMENT OF ISSUES

Entering a default judgment was an abuse of discretion under the circumstances of this case.

**Apposite Cases**

- *Givens v. A.H. Robbins Co., Inc.,* 751 F. 2d 261 (8th Cir. 1984)

- *Kropp v. Ziebath,* 557 F. 29 142 (8th Cir. 1977)

- *Martin v. Daimler Chrysler Corporation,* 251 F. 3d 691 (8th Cir. 2001)

- *Abreu v. City of New York,* 208 F.R.D. 526 (U.S. D.C. S.D. N.Y. 2002)

Appellate Case: 23-1174    Page: 8    Date Filed: 04/19/2023 Entry ID: 5267024

## STATEMENT OF THE CASE

The original Plaintiff, Lacy Guyton filed this action on December 21, 2021, against JIABAO, Inc. and Yi Zhang. (App. 1, R. Doc. 2). The complaint alleged that the original Defendants violated Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"). The allegation made by the original Plaintiff was that the Defendant paid the Plaintiff less than the federal minimum wage as well as classifying the Plaintiff as nonexempt from the overtime requirements of the AMWA.

The Plaintiff propounded discovery to the Defendants. When Defendants did not respond within the thirty days required by the Federal Rules of Civil Procedure Plaintiff began writing to the Defendants. Ultimately Plaintiff filed a Motion to Compel Discovery on July 1, 2022, and the court entered an order granting that motion on July 18, 2022. (App. 18, R. Doc. 17) (App. 38, R. Doc. 18).

On August 16, 2022, the Plaintiff filed a Motion for Sanctions. (App. 39, R. Doc. 20). Subsequently on September 17, 2022, the district court granted the Plaintiff's Motion for Sanctions, and ordered a default judgment in favor of the Plaintiff against the Defendants. (App. 51, R. Doc. 22, ADD 1-4). Defendants thereafter sought to have the court alter or amend the judgment and reconsider same, by filing a Motion to Reconsider Order on Motion for Sanctions. (App. 55, R. Doc.

9

23). Notwithstanding additional evidence the court stood by its original order. (App. 61, R. Doc. 26). The trial court issued no order to show cause why the case should not be dismissed nor did it hold a hearing.

The Defendants bring this appeal pursuant to a timely filed Notice of Appeal suggesting to this court that the trial court abused its discretion under the circumstances of this case. (App. 63, R. Doc. 34).

Appellate Case: 23-1174    Page: 10    Date Filed: 04/19/2023 Entry ID: 5267024

# SUMMARY OF THE ARGUMENT

The original Defendants, the Appellants herein, argue on this appeal that the trial court abused its discretion when, absent an order to show cause and without holding a hearing, the trial court granted a default judgment against the Defendants for an abuse of the discovery process and for delay in this action. The Defendants argue that they were making a good faith effort to comply with discovery requests being presented by the Plaintiff, that less than three and a half months elapsed from the time when the discovery response deadline was first due until the date the trial court entered default judgment against the Defendants and in favor of the Plaintiff. (App. 51, R. Doc. 22). The Defendants rely upon a series of decisions of this court and decisions of the United States Supreme Court which stand for the proposition that there must be proof that discovery violations or delays were intentional, willful and in callous disregard for the rules of discovery. The Defendants contend the facts of this case do not rise to that level and therefore the trial court's granting of a default judgment was an abuse of discretion.

11

## **ARGUMENT**

Granting default judgment in favor of the Plaintiff was an abuse of discretion under the circumstances of this case

Standard of Review

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976) sets out the scope of this court's review in this case. The court there explained:

> "The question, of course, is not whether this court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the district court abused its discretion in s doing. E.g., C. Wright & A. Miller, Federal Practice and Procedure: Civil 2284, p. 765 (1970); *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F. 2d 1204, 1211 (CA8 1973); *Baker v. F&F Investment, 470 F. 2d 778, 781 (CA2 1972)."*

See also *Martin v. Daimler Chrysler Corporation,* 251 F. 3d 691 (8th Cir. 2001).

Discussion

On May 10, 2022, Plaintiff propounded discovery requests upon the Defendants, (App. 26, R. Doc. 17-5). On June 16, 2022, the Plaintiff wrote the Defendants' counsel seeking responses to said discovery. (App. 23, R. Doc. 17-2). On June 23, 2022, the Plaintiff sent the Defendants' counsel a second letter in an attempt to obtain responses to the discovery that was previously propounded. (App. 25, R. Doc. 17-4). On July 1, 2022, Plaintiff filed her Motion to Compel Discovery and for Extension of Time. (App. 18, R. Doc. 17).

12

On July 18, 2022, the trial court granted Plaintiff's Motion to Compel Discovery and for Extension of Time and ordered the Defendants to submit responses and indicating that an amended final scheduling order would follow. (App. 38, R. Doc. 18). On August 16, 2022, the Plaintiff filed her Motion for Sanctions. (App. 39, R. Doc. 20). On September 7, 2022, the trial court entered an Order on Motion for Sanctions, entering an order of default judgment in favor of the Plaintiff, against the Defendants without a hearing. (App. 51, R. Doc. 22, ADD 1-4).

In *Martin v. Daimler Chrysler Corporation,* 251 F. 3d 691 (8th Cir. 2001) the Court of Appeals noted its review function in dismissals for discovery problems, noting:

> "We review the sanction of dismissal more closely because "in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Chrysler Corp. v. Carey,* 186 F. 3d 1016, 1020 (8th Cir. 1999) (quoting *Edgar v. Slaughter,* 548 F. 2d 770, 773 (8th Cir. 1977))."

The original Defendants submit that the facts as recited above do not evidence such an egregious and callous disregard of the discovery process so as to justify the trial court's entering of a default judgment in favor of the Plaintiff.

Rule 37, FRCP provides, in pertinent part:

"(b) Failure to comply with order.

(2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 3l(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under

13

subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B)    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C)    An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D)    In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

> (E)    Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that the party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Appellate Case: 23-1174    Page: 14    Date Filed: 04/19/2023 Entry ID: 5267024

In *Savola v. Webster,* 644 F. 2d 743 (8th Cir. 1981) the communist organization was served with interrogatories in connection with its cause of action against the director. Two of the interrogatories sought names and addresses of all party members and sympathizers. Three others sought more specific information relating to names of party members who were allegedly harassed by the government. When the communist organization refused to answer, the district court dismissed the action. On appeal, the court vacated the dismissal order and remanded to the district court. The court held that the interrogatories seeking the names of all members and sympathizers infringed upon the individual's First Amendment rights and that the director had not shown a sufficient need for the information sought. The court held that the refusal to answer could not form the basis for a dismissal.

In *Abreu v. City of New York,* 208 F.R.D. 526 (U.S. D.C. S.D. N.Y. 2002) after filing the action, the father did not comply with discovery requests and orders, requiring the trial date to be rescheduled several times. Neither he nor his counsel provided any explanation or justification for their intransigence. When considering the appropriate sanctions, the court opined that none of the lesser possible sanctions were likely to serve the goals of Rule 37: (1) to obtain compliance with discovery orders; (2) to ensure that the disobedient party did not benefit from non-compliance; and (3) to provide a general deterrent in the particular case and litigation in general. Therefore, the appropriate sanction was the most extreme, dismissal of the action.

15

The facts of this case, however, differ greatly from those in *Abreu.* No trial dates were missed or moved in this case. No other sanctions were considered by the Trial Court.

In *Kropp v. Ziebath,* 557 F. 2d 142 (8th Cir. 1977) a cattle rancher and the purchasers entered into an agreement for the sale and maintenance of a herd of exotic cattle that the cattle rancher warranted were or could be registered with breed associations. The purchasers failed to pay installments when due. The cattle rancher filed suit for breach of contract. The purchasers filed a counterclaim for breach of contract on grounds that the cattle rancher had failed to provide records adequate to register the cattle with breeding associations and served interrogatories on this issue. The court later entered a discovery order pursuant to Fed. R. Civ. P. 37 to compel the cattle rancher to provide more information in response to the interrogatories and later dismissed the cattle rancher's claims when additional information was not provided. On appeal, this court reversed. This court held that the cattle rancher's failure to comply was not willful or in bad faith because there was some merit to the cattle rancher's position that he was unable to respond more fully to the interrogatories than he did.

This court recently held:

> "Prior to dismissal or entering a default judgment, fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and

16

attorney fees or even an attorney's citation for contempt would be a more just and effective sanction. Dismissal and entry of a default judgment should be the rare judicial act."

*Edgar v. Slaughter,* 548 F. 2d 770, 773 (8th Cir. 1977)."

There was, of course, no order to show cause nor any hearing in this case. The trial court did not, therefore, follow the procedure this court found to be required by fundamental fairness concepts.

Finally, the *Kropp* opinion recites:

"No hearing was held in this case by the district court. Nor is there any indication that consideration was given to the imposition of less severe sanctions.

Accordingly, the case is remanded to the district court with instructions to reinstate Kropp's complaint and to take such other action that it deems proper and consistent with this opinion."

The same result should occur in this case.

In the present case as evidenced by the record and the above argument the trial court granted Plaintiff's Motion to Compel giving the Defendants until August 8, 2022, to comply with the Motion to Compel. (App. 38, R. Doc. 18). Defendants' counsel set out in his Motion to Reconsider Order on Motion for Sanctions that on August 1, 2022, that defense counsel's father and law partner suffered a severe stroke rendering him unable to speak or move. (App. 55, R. Doc. 23). Counsel's father was a practicing attorney in the State of Arkansas for almost fifty years when this unfortunate incident occurred. Counsel's father at the time of his stroke, kept his

17

own calendar and did not reproduce his schedule. Counsel points this out as a factor that this court should take into consideration in deciding whether the actions in not responding to discovery were willful and intentional. This unforeseen event in counsel's life caused what counsel would describe as a "catastrophe" within his law office in trying to cover all of his father/partner's hearings, deadlines, etc. There was no showing here of "callous disregard".

In *Hairston v. Alert Safety Light Products. Inc.,* 307 F. 3d 717 (8th Cir. 2002) Plaintiffs filed an action against a manufacturer alleging that a power strip made by the manufacturer caused a fire on their business property. During the discovery phase, one of the Plaintiffs and Plaintiffs' accountant failed to appear for depositions. Two separate orders to show cause issued from the district court, and the second order set forth sanctions that could issue if Plaintiffs' non-compliance continued. After there was no response to the show cause orders, the manufacturer filed a motion for contempt. The district court dismissed the entire case, and denied Plaintiffs' subsequent motion for reconsideration. Reversing, this court recognized the district court's wide discretion to issue sanctions under Fed. R. Civ. P. 37, but found that the district court exceeded the bounds of discretion. The court held that the dismissal sanction should be used sparingly. The imposition of lesser sanctions would have been appropriate, particularly where there was no finding by the district court that Plaintiffs' dilatory actions were willful or done in bad faith.

Appellate Case: 23-1174    Page: 18    Date Filed: 04/19/2023 Entry ID: 5267024

In *Givens v. A.H. Robbins Co., Inc.,* 751 F. 2d 261 (8th Cir. 1984) this court likewise found dismissal too harsh, explaining:

> "Certainly the district courts are more familiar with proceedings before them and with the conduct of counsel than we are, and we should give them a large measure of discretion in deciding what sanctions are appropriate for misconduct. But the punishment should fit the crime, and not every instance of failure to comply with an order of court, however inexcusable, justifies total extinction of a client's cause of action. See *Farmers Plant Food, Inc. v. Fisher,* 746 F. 2d 451 (8th Cir. 1984). Here, no good reason has been shown for the failure to complete discovery on time. But the normal sanction for such failure is simply to disallow any further discovery and to put plaintiff to her proof without the aid of whatever evidence discovery might have produced."

Of course, when a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court. *Pope v. Federal Express Corp.,* 974 F. 2d 982, 984 (8th Cir. 1992). But, the due process clause of the Fifth Amendment to the Constitution limits the power of courts to dismiss an action without affording a party the opportunity for a hearing on the merits, *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958), and the rule itself requires the court to enter such orders "as are just". *Denton v. Mr. Swiss of Missouri, Inc.,* 564 F. 2d 236 (8th Cir. 1977). What happened to the Defendants in this case is simply not "just" and absent a hearing it could likewise be said they were denied due process.

Only when a party's willfulness or bad faith is involved in the failure to make discovery is the sanction of dismissal proper. *Societe Internationale v. Rogers,*

Appellate Case: 23-1174    Page: 19    Date Filed: 04/19/2023 Entry ID: 5267024

supra.; *Emerick v. Fenick Industries, Inc.,* 539 F. 2d 1379, 1381 (5th Cir. 1976).

The fact that counsel was dealing with issues of his father/law partner unable to continue his practice clearly shows Defendants were not refusing to conduct discovery. Rather, it shows that exigent circumstances existed in hindering the Defendants to timely respond to discovery as well as the court's order. Admittedly, the Defendants did not respond to Plaintiff's discovery, but truly though the delays did not rise to "willfulness, bad faith or the fault of the Defendants without reasonable excuse". Likewise, the actions of the Defendants and their counsel did not reflect an intentional or improper abuse of the discovery process.

## **CONCLUSION**

The evidence before the trial court did not justify imposition of the harshest sanction in the trial court's arsenal. Without issuing a show cause order and without holding a hearing the trial court denied the Defendants their most precious right, the opportunity to be heard. *Martin v. Daimler Chrysler Corporation,* 251 F. 3d 691 (8th Cir. 2001), supra. The Defendants respectfully submit the granting of default judgment against them was an abuse of discretion which requires reversal of the judgment below.

Respectfully submitted,

/s/ Josh Q. Hurst
Ark. Bar # 2004016
518 Ouachita Avenue
Hot Springs, Arkansas 71901
(501) 623-2565 (Telephone)
(501) 623-9391 (Facsimile)
Josh@hurstlaw.org

Appellate Case: 23-1174    Page: 21    Date Filed: 04/19/2023 Entry ID: 5267024

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.     This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 4138 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in 14 Times New Roman.

/s/ Josh Q. Hurst
Josh Q. Hurst

## CERTIFICATE OF SERVICE

I, Josh Q. Hurst, do hereby certify that on this 19th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Josh Q. Hurst
Josh Q. Hurst

22

## **ADDENDUM**

Order on Motion for Sanctions (R. Doc. 22) …………......................... ADD 1 – 4

Judgment (R. Doc. 33) …………………..…………..…………...…… ADD 5

Appellate Case: 23-1174    Page: 23    Date Filed: 04/19/2023 Entry ID: 5267024