No: 23-1174

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**LACY GUYTON**                                                    **APPELLEE**

v.

**JIABAO, INC. AND YI ZHANG**                      **APPELLANTS**

———————————————————————————————

Appeal from U.S. District Court for the Western District of Arkansas
- Hot Springs (6:21-cv-06165-RTD)

Honorable Robert T. Dawson
United States District Judge

———————————————————————————————

**ADDENDUM TO APPELLANTS' BRIEF**

———————————————————————————————

Josh Q. Hurst, Ark. Bar # 2004016
518 Ouachita Avenue
Hot Springs, Arkansas 71901
(501) 623-2565 (Telephone)
(501) 623-9391 (Facsimile)
Josh@hurstlaw.org

Attorney for Appellants

# TABLE OF CONTENTS

**Page**

Order on Motion for Sanctions (R. Doc. 22) …………........................... ADD 1 – 4

Judgment (R. Doc. 33) …………………………………………...…… ADD 5

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LACY GUYTON                                                                                               PLAINTIFF

v.                                        Case No. 6:21-cv-06165

JIABAO, INC. and YI ZHANG                                                                   DEFENDANTS

## Order on Motion for Sanctions

Before the Court is Plaintiff's Motion for Sanctions. (ECF No. 20). No response has been filed, and the time period for filing a response has passed.

### I. Background

Plaintiff, Lacy Guyton, was employed by Defendant, Yi Zhang, who is a principal, director, officer, and/or owner of Jiabao, Inc. (ECF No. 2 ¶ 17). Plaintiff was employed by Defendant as a Server from October of 2020 until September of 2021 and paid between $3.00 to $4.00 per hour while she performed both tipped and non-tipped work, as allowed by 29 U.S.C. § 203(m). (ECF No. 2 ¶¶ 24, 28, 29). Plaintiff allegedly had performed many non-tipped duties that were unrelated to her tipped work and was paid her tipped rate while performing non-tipped work and regularly worked over 40 hours per week without properly being paid for overtime hours. (ECF No. 2 ¶¶ 37, 43–40).

On December 21, 2021, Plaintiff filed her complaint against Defendants Jiabao, Inc. and Yi Zhang, alleging a violation of the Fair Labor Standards Act and a violation of the Arkansas Minimum Wage Act for failure to pay overtime wages and failure to pay her a lawful minimum wage. (ECF No. 2 ¶¶ 62–70). On February 17, 2022, Defendants filed their Answer to Plaintiff's complaint. (ECF No. 11). A Final Scheduling Order was entered on March 3, 2022, and the Parties were allowed to proceed with Discovery. (ECF No. 14)..[1]

---

[1] The Amended Final Scheduling Order was filed on May 23, 2022, solely to correct the trial setting to a bench trial instead of a jury trial. (ECF No. 15)

**ADD 1**

1

On July 1, 2022, Plaintiff filed a Motion to Compel Discovery and For Extension of Time. (ECF No. 17). Defendants had failed to comply with an initial disclosure deadline of April 27, 2022, and a discovery response deadline of June 9 despite numerous attempts by Plaintiff's counsel to coordinate with defense counsel. (ECF No. 14 ¶ 1(a); ECF No. 17 ¶¶ 4–5). On June 28, defense counsel agreed to provide discovery responses the next day, but again failed to comply resulting in Plaintiff filing her Motion to Compel. (ECF No. 17 ¶¶ 9–11).

On July 18, 2022, the Court granted Plaintiff's Motion to Compel and issued an Amended Final Scheduling Order giving Defendants until August 8, 2022, to comply with the Motion to Compel. (ECF No. 18; ECF No. 19 ¶ 1(a)). Plaintiff's counsel tried to contact the defense counsel on July 22, July 29, and August 8 in order to determine when they might be receiving the initial disclosures and discovery requests. (ECF No. 20 ¶ 3). Defendants failed to respond. (ECF No. 20 ¶¶ 4–5). On August 16, 2022, Plaintiff filed the instant Motion for Sanctions seeking default judgment pursuant to Federal Rule of Civil Procedure 37(b). (ECF No. 20 ¶ 6). Defendants have not responded to Plaintiff's motion.

**II.     Applicable Law**

Federal Rule of Civil Procedure 37 states that on "notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). If a party fails to obey this order then the court is allowed to issue sanctions up to and including the dismissal of the party's claims with prejudice. Fed. R. Civ. Pro 37(b)(2)(A). Furthermore "[i]nstead of or in addition to [those sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2)(C).

While Federal Rule of Civil Procedure 37(b)(2)(A) lists several different kinds of sanctions that a court may impose upon a party that fails to comply with discovery orders, "dismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000) (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). This is because "[t]he opportunity to

**ADD 2**

be heard is a litigant's most precious right and should sparingly be denied." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999) (internal quotations and citations omitted). Lastly, "[w]hen the facts show willfulness and bad faith [...] the district court need not investigate the propriety of a less extreme sanction." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817 (8th Cir. 2001). When willfulness and bad faith is found, "the selection of a proper sanction, including dismissal, is entrusted to the sound discretion of the district court." *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992).

### III.   Discussion

Plaintiff asks the court to issue a default judgment against Defendants for their failure to comply with the Motion to Compel. (ECF No. 20 at 2).

As of the date of this order, Defendants have not provided Plaintiff with the evidence they were ordered by the Court to produce and have failed to engage meaningfully in the litigation process. This directly prejudices the Plaintiff, as she is no longer able to continue with the discovery process and trial preparation or in any way move forward with obtaining the relief she has requested. Defense counsel has received notice of the various orders and motions filed in this case via the ECF system. Plaintiff's counsel has also reached out on numerous occasions. The Court finds that defense counsel's failure to comply with discovery obligations and this Court's order is willful and in bad faith, and a sanction of default judgment is warranted.

### IV.   Conclusion

In light of Defendants' failure to comply with the Court's order compelling discovery responses, failure to reply to Plaintiff's repeated attempts at communication, and overall willful failure to meaningfully engage in this litigation, it is **ORDERED** that the Motion for Sanctions filed by Plaintiff, Lacy Guyton, (ECF No. 20) is **GRANTED**.

Default judgment will be entered in favor of Plaintiff, Lacy Guyton, against Defendants JIABAO, Inc. and Yi Zhang, along with sanctions against Defendant's attorneys, in an amount to be determined at a later scheduled hearing.

**IT IS SO ORDERED** this 6th day of September 2022.

**ADD 3**

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LACY GUTON            PLAINTIFF

v.        No. 6:21-CV-06165

JIABAO, INC. and YI ZHANG            DEFENDANTS

## JUDGMENT

Pursuant to the opinion and order entered in this case on December 16, 2022, IT IS HEREBY ADJUDGED that Plaintiff Lacy Guyton shall have and recover from Defendants Jiabao, Inc. and Yi Zhang, $42,964 in damages and $9,842 in attorneys' fees and costs for a total of $52,806. Interest on this judgment will accrue at the rate of 0.10% per annum from the date of entry of this judgment until paid.

IT IS SO ADJUDGED this 30th day of December 2022.

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**

**ADD 5**