No. 23-1174

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**LACY GUYTON**

**PLAINTIFF-
APPELLEE**

vs.

**JIABAO, INC.,
and YI ZHANG**

**DEFENDANTS-
APPELLANTS**

*An Appeal from United States District Court for the
Western District of Arkansas, Case Number 6:21-cv-6165-RTD*

## <u>APPELLEE'S BRIEF</u>

APPELLEE'S COUNSEL:    JOSH SANFORD, ESQ.
SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PKWY SUITE 510
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

## SUMMARY OF THE CASE

Appellee Lacy Guyton filed this lawsuit alleging that her former employers, Appellants Jiabao, Inc., and Yi Zhang (collectively "Defendants"), violated the FLSA and AMWA by failing to pay her proper minimum and overtime wages.

After Defendants failed for months to provide initial disclosures and answer discovery, the District Court issued a default judgment against Defendants as a discovery sanction. The parties had agreed to exchange initial disclosures by April 27, 2022, and Ms. Guyton served discovery to which Defendants' answers were due on June 9, 2022. Defendants never provided initial disclosures or any discovery answers. Ms. Guyton's counsel reached out to Defendants' counsel many times through a good faith letter, phone calls, and emails; Defendants' counsel responded only to one phone call, promising to deliver discovery answers that never came. The District Court ordered Defendants to provide initial disclosures and discovery answers, to no effect. On September 7, months after the missed deadlines, the District Court found that Defendants' repeated and complete failure to fulfill their discovery obligations was willful and in bad faith, and granted Plaintiff's motion for a default judgment.

Because the issues raised are neither complex nor novel, oral argument is unlikely to assist the Court in addressing the legal issues presented. But should this Court disagree, Ms. Guyton requests 10 minutes of argument for each side.

2

# TABLE OF CONTENTS

SUMMARY OF THE CASE.................................................................................2

TABLE OF CONTENTS.................................................................................3

TABLE OF AUTHORITIES.............................................................................4

JURISDICTIONAL STATEMENT...................................................................5

STATEMENT OF ISSUES..............................................................................5

STATEMENT OF THE CASE..........................................................................7

SUMMARY OF THE ARGUMENT.................................................................12

ARGUMENT..................................................................................................13

    I.    Standard of Review. .............................................................................13

    II.    Default Judgment Was an Appropriate Discovery Sanction. .............13

        A.    A court may order default judgment where the facts show
            willfulness or bad faith....................................................................15

        B.    Default judgment was an acceptable sanction in light of
            Defendants' egregious failures to respond to discovery................17

CONCLUSION................................................................................................19

CERTIFICATE OF COMPLIANCE................................................................20

Appellate Case: 23-1174    Page: 3    Date Filed: 05/26/2023 Entry ID: 5281071

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Home Ins. Co.*, 724 F.2d 82 (8th Cir. 1983) ....................... 6, 13, 15, 18

*Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555 (8th Cir. 1992) .................15

*Boogaerts v. Bank of Bradley*, 961 F.2d 765 (8th Cir. 1992) .......................... 13, 14

*Chrysler Corp. v. Carey*, 186 F.3d 1016 (8th Cir. 1999) ................................ 13, 15

*Edgar v. Slaughter*, 548 F.2d 770 (8th Cir. 1977) ........................................... 15, 16

*Everyday Learning Corp. v. Larson*, 242 F.3d 815 (8th Cir. 2001) ......................15

*Givens v. A.H. Robins Co.*, 751 F.2d 261 (8th Cir. 1984) .......................................16

*Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002) .................16

*Kropp v. Ziebarth*, 557 F.2d 142 (8th Cir. 1977) .....................................................16

*Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202 (8th Cir. 1983) ...........................15

*Martin v. DaimlerChrysler Corp.*, 251 F.3d 691 (8th Cir. 2001) ...........................13

*Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976) ............... 13, 14

*Savola v. Webster*, 644 F.2d 743 (8th Cir. 1981) ....................................................16

*Tarvisium Holdings, LLC v. Dukat, LLC*, No. 4:19-CV-0086-DGK, 2020 U.S. Dist.
    LEXIS 4292 (W.D. Mo. Jan. 10, 2020) .................................................................14

**Statutes**

28 U.S.C. § 1291 ..........................................................................................................5

28 U.S.C. § 1331 ..........................................................................................................5

28 U.S.C. § 1367(a) .....................................................................................................5

29 U.S.C. § 201 .........................................................................................................5, 7

Ark. Code Ann. § 11-4-201 ......................................................................................5, 7

**Rules**

Fed. R. Civ. P. 37 .............................................................................. 6, 13, 14, 15

Appellate Case: 23-1174     Page: 4     Date Filed: 05/26/2023 Entry ID: 5281071

# JURISDICTIONAL STATEMENT

Plaintiff does not dispute this Court's jurisdiction, but because jurisdiction is unclear from Defendants' Jurisdictional Statement, Plaintiff submits the following statement to clarify the bases of jurisdiction. Plaintiff sued Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"). The District Court had jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331 and pendent jurisdiction over AMWA claims pursuant to 28 U.S.C. § 1367(a).

On September 7, 2022, the District Court issued an order granting Plaintiff's motion for a default judgment but reserved the issues of the amount of damages and further sanctions. Addendum to Appellants' Brief ("Add.") 3; Appellants' Appendix ("App.") 53; R. Doc. 22, at 3. The District Court issued a final judgment against Defendants on December 30, 2022. Add. 5; App. 62; R. Doc. 33. This judgment disposed of all parties' claims. Defendants filed their Notice of Appeal on Monday, January 30, 2023. App. 63; R. Doc. 34. Accordingly, this Court has appellate jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF ISSUES

The issue for review is as follows:

Whether the District Court abused its discretion in issuing a default judgment against Defendants, when Defendants had admittedly and repeatedly failed to

5

respond to Plaintiff's discovery requests or produce initial disclosures, even after

ordered by the Court to do so.

Fed. R. Civ. P. 37(b)(2)(A)(vi)
*Anderson v. Home Insurance Co.*, 724 F.2d 82 (8th Cir. 1983)

6

## STATEMENT OF THE CASE

Lacy Guyton filed her Original Complaint on December 21, 2021, alleging that Jiabao, Inc., and Yi Zhang had violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"). App. 1–9; R. Doc. 2. Specifically, Defendants employed Ms. Guyton as a server in their restaurant but did not pay Ms. Guyton a lawful minimum wage or overtime premium, instead purporting to take a tip credit without meeting the legal requirements to pay Ms. Guyton less than minimum wage. App. 4–6; R. Doc. 2, at ¶¶ 24, 27–46.

The dispute in this appeal concerns Defendants' refusal to engage in the discovery process. The Final Scheduling Order set a discovery deadline of July 8, 2022. Appellee's Separate Appendix ("S. App.") 5; R. Doc. 15, at 1. In the parties' Joint Report under Rule 26(f), the parties agreed to exchange initial disclosures on or before April 27, 2022. S. App. 1; R. Doc. 13, at 1. Ms. Guyton's counsel served her First Set of Interrogatories and Requests for Production on May 10, 2022. App. 26–37; R. Doc. 17-5. Defendants' responses were therefore due on June 9, 2022.

Defendants never served initial disclosures or discovery answers.

Starting June 13, Ms. Guyton's counsel contacted Defendants' counsel many times about the missing initial disclosures and discovery responses. Specifically, on June 13, Plaintiff's counsel emailed Defendants' counsel to ask about the status of

7

the discovery responses; Plaintiff's counsel did not receive a response. App. 19, 22; R. Docs. 17, 17-1. On June 16, Plaintiff's counsel sent a good faith letter to Defendants' counsel via email and U.S. mail, requesting that Defendants' then past-due initial disclosures and discovery responses be provided by June 23; again Defendants' counsel did not respond. App. 19, 23–24; R. Docs. 17, 17-2, 17-3. On June 23, Plaintiff's counsel called Defendants' counsel and left a message with his office inquiring about the initial disclosures and discovery responses. App. 25; R. Doc. 17-4. Plaintiff's counsel also sent an email to the same effect to Defendants' counsel on June 23. App. 25; R. Doc. 17-4. On June 28, Plaintiff's counsel spoke with Defendants' counsel, and Defendants' counsel indicated that Defendants would provide their discovery responses the following day. App. 25; R. Doc. 17-4. Plaintiff's counsel did not receive the promised discovery responses on June 29 and emailed Defendants' counsel on June 30, asking once again for the discovery responses and letting Defendants know that Plaintiff intended to file a motion to compel unless Defendants provided the missing discovery responses. App. 25; R. Doc. 17-4. Plaintiff's counsel received no response to the June 30 email. *See* App. 20, 25; R. Docs. 17, 17-4.

On July 1, Plaintiff filed a motion to compel Defendants' discovery responses. App. 18–21; R. Doc. 17. Plaintiff's motion laid out the communication history detailed above, asked the Court to order Defendants to respond fully to Plaintiff's

8

interrogatories and requests for production by July 25, and requested a new discovery deadline of August 8, giving Plaintiff time to review Defendants' records, calculate damages, and ascertain whether further discovery needed to be conducted. App. 18–21; R. Doc. 17. Defendants did not respond to the motion to compel, and the Court granted Plaintiff's motion on July 18. App. 38; R. Doc. 18. The Court's order required Defendants "to submit responses to written interrogatories, requests for production of documents, and initial disclosures to Plaintiff." App. 38; R. Doc. 18.

Defendants did not provide any discovery answers or initial disclosures following the Court's order, either by the July 25 deadline or by the extended overall discovery deadline of August 8. On July 22 and 29, 2022, Plaintiff's counsel called, left a message, and emailed Defendants' counsel, inquiring about when Plaintiff should expect to receive Defendants' responses and initial disclosures. App. 39, 42–43; R. Docs. 20, 20-1. On August 8, 2022, Plaintiff's counsel attempted once more to contact Defendants' counsel over the telephone. Plaintiff's counsel left a message with Defendants' counsel's office inquiring about the status of Defendants' initial disclosures and responses to Plaintiff's discovery requests. App. 40; R. Doc. 20, at 2. Defendants' counsel did not respond to these communication attempts. App. 40; R. Doc. 20, at 2.

9

In light of Defendants' total failure to engage in the discovery process and the resulting prejudice to Plaintiff, Plaintiff filed a Motion for Sanctions on August 16, asking the Court to treat the allegations in Plaintiff's Original Complaint as admitted and to hear evidence at a hearing on Plaintiff's damages. App. 39–41; R. Doc. 20. Critically, Defendants did not even bother to respond to this motion. The District Court ruled on Plaintiff's motion on September 7, after the time to respond had passed. Add. 1; App. 51; R. Doc. 22, at 1; W.D. Ark. LR 7.2(b) (setting a deadline of fourteen days to respond to motions). After discussing Defendants' failure "to engage meaningfully in the litigation process," including failure to comply with court orders, the prejudice to Plaintiff from these failures, and the ample notice to Defendants, the Court found "that defense counsel's failure to comply with discovery obligations and this Court's order is willful and in bad faith, and a sanction of default judgment is warranted." Add. 3; App. 53; R. Doc. 22, at 3.

After the Court granted the motion for sanctions, Defendants' counsel filed a motion asking the Court to reconsider. App. 55–57; R. Doc. 23. Defendants' counsel admitted that he had never provided discovery responses. App. 55; R. Doc. 23, at 1. The only explanation Defendants' counsel provided was that his father and law partner had suffered a stroke at the beginning of August, and that Defendants' counsel was managing both his own case load and his law partner's case load from that time. App. 55–56; R. Doc. 23, at 1–2. Counsel did not offer an explanation for

10

why he had not provided initial disclosures or discovery responses at any time since their respective April and June deadlines. *See* App. 55–57; R. Doc. 23.

The Court denied Defendants' Motion for Reconsideration, heard further evidence on the issues of Ms. Guyton's damages and attorney's fees, and issued a final judgment on December 30, awarding Ms. Guyton $42,964.00 in damages and $9,842.00 in attorney's fees. App. 61–62; S. App. 10–24; R. Docs. 26, 28–30, 32–33. Defendants appealed on January 30. App. 63; R. Doc. 34.

Appellate Case: 23-1174    Page: 11    Date Filed: 05/26/2023 Entry ID: 5281071

# SUMMARY OF THE ARGUMENT

The only issue on appeal is whether the District Court abused its discretion in entering default judgment. Courts have authority under Fed. R. Civ. P. 37 to sanction parties for failures to obey discovery orders. When a court finds that the failure was willful or in bad faith, these sanctions may go to the extreme of dismissing a plaintiff's case or rendering a default judgment against a defendant. Repeated failures to respond to discovery requests and orders demonstrate the necessary level of willfulness to justify dismissal or default judgment.

Here, Defendants never provided initial disclosures or discovery answers, though Plaintiff's counsel contacted Defendants' counsel many times seeking the missing discovery. Defendants ignored a court order to provide the disclosures and responses, and in fact never even responded to the preceding Motion to Compel or the subsequent Motion for Sanctions, which Plaintiff filed after the passing months removed any expectation that Defendants might provide their discovery answers. Defendants' blatant failures to engage in the discovery process violated a court order and severely prejudiced Plaintiff's ability to prepare for trial. The District Court was safely within its discretion to issue the default judgment as a sanction.

Appellate Case: 23-1174    Page: 12    Date Filed: 05/26/2023 Entry ID: 5281071

# ARGUMENT

## I.     Standard of Review.

The only issue Defendants have raised on appeal is whether the District Court was within bounds when it entered default judgment. A trial court's decision to enter a default judgment as a discovery sanction is reviewed for abuse of discretion, giving deference to the trial court. *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640 (1976)).

When dismissal or default judgment is a possible appropriate sanction, the appellate court "will not substitute [its] own judgment for that of the district court even though we may have chosen a different sanction had we been standing in the shoes of the trial court." *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691 (8th Cir. 2001) (quoting *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999)). "Decisions regarding sanctions are for the district court and will only be reversed for abuse of discretion." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).

## II.     Default Judgment Was an Appropriate Discovery Sanction.

Rule 37 specifically contemplates that where a party fails to obey an order to provide discovery, the court may "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Like dismissal in the case of a mis-behaving plaintiff, this "most severe in the spectrum of sanctions . . . must be

13

available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *See Nat'l Hockey League*, 427 U.S. at 643.[1] This is true even when the case at hand may have "extenuating factors." *Id.* at 641.

---

[1] Many cases deal with dismissal in the context of a plaintiff who abuses the discovery process; default judgment is the parallel sanction where, as here, the defendant is the one who abuses the discovery process. *See Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("Rule 37(b)(2)(C) authorizes the Court to exercise discovery abuse sanctions by dismissing a parties' action, or striking pleadings or entering a default judgment against the abusive litigant."); *see also Tarvisium Holdings, LLC v. Dukat, LLC*, No. 4:19-CV-86-DGK, 2020 U.S. Dist. LEXIS 4292, at *7 (W.D. Mo. Jan. 10, 2020) (applying standards used for dismissal to issuing of default judgment). Defendants' brief relies heavily on cases relating to dismissal of actions, which is not the sanction actually imposed here, but the District Court's order granting sanctions refers alternately to dismissal and default judgment, and Plaintiff has not observed any meaningful differences in the standards applied.

14

A. <u>A court may order default judgment where the facts show willfulness or bad faith.</u>

In general, courts may issue sanctions under Rule 37 where there is "[1] an order compelling discovery, [2] a willful violation of that order, and [3] prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). Where there is a "deliberate default" on discovery obligations, shown by actions such as "failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order," a court may issue the most extreme sanctions, including dismissal with prejudice. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citing *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir. 1983)).

Defendant argues that *Edgar v. Slaughter*, 548 F.2d 770 (8th Cir. 1977), required the District Court to hold a hearing to consider less extreme sanctions before dismissing the case. But as the District Court noted in its order imposing sanctions (Add. 3; App. 53; R. Doc. 22, at 3), the Eighth Circuit has already clarified that "[w]hen the facts show willfulness and bad faith, . . . the district court need not investigate the propriety of a less extreme sanction. In such cases, 'the selection of a proper sanction, including dismissal, is entrusted to the sound discretion of the district court.'" *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817–18 (8th Cir. 2001) (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)).

15

In the most pertinent cases on which Defendants rely, this court found that the discovery violations were not the result of willfulness or bad faith, thus requiring the district courts to consider lesser sanctions. In *Kropp v. Ziebarth*, the Eighth Circuit specifically noted that the record did *not* show willfulness or bad faith; the record instead showed that the appellee was unable to respond more fully than he had, and he had answered discovery multiple times, albeit incompletely. 557 F.2d 142, 145–47 (8th Cir. 1977). Similarly, in *Edgar v. Slaughter*, where discovery delays resulted from the need to search for information out-of-state and where a fire had destroyed company records, the Eighth Circuit reversed the district court's dismissal because "[t]he record does not show that the plaintiff willfully or in bad faith failed to timely answer the interrogatories." 548 F.2d 770, 772–73 (8th Cir. 1977). The same vital distinction applies between this case and *Hairston v. Alert Safety Light Products*, 307 F.3d 717, 719 (8th Cir. 2002).

Other cases Defendants cite are inapplicable, as even Defendants' case summaries sometimes show. In *Savola v. Webster*, 644 F.2d 743 (8th Cir. 1981), for example, the court found that the explicit refusal to answer interrogatories was partially justified on constitutional grounds. *Id.* at 747. *Givens v. A.H. Robins Co.*, 751 F.2d 261 (8th Cir. 1984), dealt with a plaintiff who failed to complete discovery in a timely manner, not a repeated total refusal to engage in the discovery process at all. *See id.* at 263–64.

16

B.    Default judgment was an acceptable sanction in light of Defendants' egregious failures to respond to discovery.

The District Court rightfully found that the discovery violations showed willfulness and bad faith. Add. 3; App. 53; R. Doc. 22, at 3. Defendants initially created the issue by missing the agreed April 27 deadline to provide initial disclosures, then failing to answer Plaintiff's discovery requests by the June 9 deadline. Over the course of more than two months, Defendants ignored a good faith letter, five emails and at least three phone calls from Plaintiff's counsel, a motion to compel discovery, an order compelling discovery, and a motion for sanctions. App. 18–25, 38–43; R. Docs. 17, 17-1, 17-2, 17-3, 17-4, 18, 20, 20-1. Plaintiff's counsel spoke with Defendants' counsel once about the missing discovery; on June 28, Defendants' counsel promised to provide the missing discovery the following day. App. 19; R. Doc. 17, at 2. Plaintiff received nothing the next day.

The only explanation Defendants' counsel has provided is that his father and law partner suffered a stroke at the beginning of August, and that Defendants' counsel was managing both his own case load and his law partner's case load from that time. App. 55–56; R. Doc. 23, at 1–2. Such a situation is sad and difficult, and Plaintiff is by no means unsympathetic. But August health problems cannot explain Defendants' total failure to provide discovery beginning in April.

Moreover, while Defendants claim in their brief that the Court's Order on July 18 gave the Defendants an August 8 deadline to respond (Defs.' Br. 17), in fact the

17

order granted Plaintiff's motion without altering Plaintiff's requested deadlines. App. 38; R. Doc. 18. In the relevant motion, Plaintiff asked the Court to order Defendants to respond at last to Plaintiff's discovery requests by July 25. App. 21; R. Doc. 17, at 4. Plaintiff requested an August 8 *discovery* deadline that would have given Plaintiff time to review Defendants' responses, evaluate the need for further discovery, and calculate damages, had Defendants ever actually provided any answers. App. 20–21; R. Doc. 17, at 3–4. Thus, counsel's stroke did not occur until a week after the deadline set by the Order compelling discovery. While unfortunate, counsel's health problems do not explain previous failures to comply with repeated deadlines and a court order.

These facts easily demonstrate the willfulness necessary for this Court to affirm the default. The District Court did not abuse its discretion here any more than the court in *Anderson v. Home Insurance Co.*, 724 F.2d 82 (8th Cir. 1983). In *Anderson*, this Court clarified that "deliberateness includes failure to respond to discovery requests, even with extensions, and failure to provide full information after a court order." *Id.* at 84. Like in *Anderson*, Defendants here ignored Plaintiff's discovery requests, even after the District Court ordered them to respond. Further, the facts here go beyond the evidence discussed in *Anderson*, in that Plaintiff reached out over and over to Defendants' counsel, prompting him to provide discovery, and

18

Defendants' counsel responded only once—just enough to prove that he was aware of the discovery and his obligation to answer it.

## CONCLUSION

When parties willfully refuse to engage in discovery, courts have the power to issue appropriate sanctions, including dismissal or default judgment. Defendants in this case failed over and over and over to provide overdue discovery or even acknowledge communications about the discovery from Plaintiff's counsel. Defendants' counsel showed that he was aware of the discovery and Defendants' obligation to answer, but no discovery answers were ever forthcoming. These continued and egregious discovery violations amply justified the District Court's decision to issue a default judgment, and the judgment must be upheld.

Respectfully submitted,

**APPELLEE LACY GUYTON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

19

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff-Appellee, furnishes the following in compliance with Fed. R. App. P. 32(a) and Eighth Circuit Local Rule 28A(c):

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,341 words, including headings, footnotes and quotations, and excluding only those items excluded under Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2019 in 14-point, Times New Roman.

3.     I further certify that, in accordance with Eighth Circuit Rule 28A(h), the digital version of the brief and the accompanying addendum were filed in Portable Document Format (PDF), have been scanned for computer viruses, and are virus-free.

Dated: May 25, 2023

_____
**Josh Sanford**
**Counsel for Appellee**

## CERTIFICATE OF SERVICE

     I, Josh Sanford, hereby certify that, on May 25, 2023, a true and correct copy of Appellee's BRIEF, was served by email on the following:

Josh Q. Hurst, Esq.
josh@hurstlaw.org
HURST LAW GROUP, PLLC
518 Ouachita Avenue
Hot Springs, Arkansas 71901
Telephone: (501) 623-2565
Facsimile: (501) 623-9391

*/s/ Josh Sanford*

**Josh Sanford**

Appellate Case: 23-1174    Page: 21    Date Filed: 05/26/2023 Entry ID: 5281071